McKinney, J.,
delivered the opinion of the Court.
This was a scire facias to have final judgment and execution against the- defendant Rogers for the forfeiture declared by the act of 1794, ch. 1, se.c. 29, for his failure to attend as a witness on behalf of the plaintiff, in the suit of Kincaid vs. McNews’ executors, pending in the Circuit Court of Claiborne.
It appears from the recitals of the writ that during the September Term of the Circuit Court of Claiborne, in the year 1843, the defendant was regularly summoned, by subpoena returnable immediately, to appear as a witness on behalf of the plaintiff -in the suit above mentioned. The subpoena issued on the 14th day of September, and was executed on the following day — the Court being still in session. After-wards, namely, at the June Term of said Court, 1847, said cause came on for trial; and the defendant being called, and failing to attend, judgment nisi was entered up against him, in proper form, for the sum of $125.00 This judgment was permitted to slumber, without any step to enforce it, until the January Term, 1854, at which term, on the suggestion of plaintiff’s counsel, the case was ordered to be placed upon the docket, and the clerk was directed to issue a scire facias. In pursuance of this order, scire facias was issued and served on the defendant, returnable to the May Term, 1854, of said Court. The defendant appeared and put in a general demurrer to the scire facias, which, on argument, was sustained: and the plaintiff appealed in error to this Court.
*4 The principal question upon this record is, wheth- ■ er the neglect of the plaintiff to cause scire facias to be issued; returnable to the next term of the Court after the judgment nisi was entered up, precludes him from pursuing his remedy at a subsequent term. The statute, in terms, provides that the forfeiture shall be recovered by scire facias. And it is further provided, that, “ if on notice being given by the Court,” (that is, on scire facias made known,) “sufficient cause be not shown, at the next succeeding term after• such failure? the Court shall on motion, grant judgment and award execution for the forfeiture declared, against the witness failing to appear.
It is argued, that inasmuch as by the terms of the act, the cause or excuse for the failure of the witness to attend; must be shown at the next succeeding term after the failure, and as he cannot be required to show cause until after service .of a scire facias, by necessary construction the scire facias must be tested of the term at which the default happened, returnable to the next term of the Court.
This construction of the act may not be free from objections, but it is difficult to see how it is to be avoided, without disregarding the apparent meaning of the law. And the requirement, that the party, if he intends to exact the forfeiture against the witness in default, shall be compelled to act promptly, is certainly not without sufficient reason. If no time had been prescribed, within which the party was required to pursue the forfeiture to final judgment and execution, he might designedly delay doing so until by tbe accident of death, or removal, or otherwise, the *5 person against whom the forfeiture is sought to be enforced, might be wholly deprived of the means of showing a valid and legal excuse for his non-attendance, of which he could have availed himself if promptly proceeded against.
It by no means follows, however, from this construction, that if scire facias, tested of the term at which the judgment nisi was entered, be not served, in consequence of which, the witness in default cannot be legally required to show cause at the “ next-succeeding term,” that he is thereby discharged from liability to be further proceeded against. If this were so, it would be in the power of the party, by evading service of the scire facias, to defeat the enforcement of the forfeiture. In such' case, the plaintiff may sue out an alias scire facias, and, on the return of two nihils, proceed to final judgment ; or, at his election, continue the procéss until actual service can be made.
The requirement, that cause shall be shown “ at the next succeeding 'term after such failure,” tabes for granted that scire facias shall have been served in the mean time. It was not intended, however,that, if the plaintiff had caused scire facias to be issued and placed in the hands of an officer in the time required by law, the failure of service of the process should have the effect of destroying his remedy.
The principle we lay down is, that the neglect of the party to cause scire facias to be issued, tested of the term at which the judgment nisi was entered, is in the nature of a discontinuance of the pi*8- *6 eeeding against the ■witness, and precludes him from further attempts, aiterwards, to enforce the forfeiture.
In this view, there is no error in the judgment of the Circuit Court.
Judgment affirmed.